■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES S. BRANSON, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction entered on his plea of guilty to attempted criminal possession of a controlled substance, sixth degree (LSD) in full satisfaction of an indictment charging him with criminal possession of a controlled substance, sixth degree. He asserts that County Court improperly denied his motion to suppress, as the product of an unlawful search, LSD found in his wallet. At approximately 9:50 P.M. on May 15, 1979 the dispatcher at the Batavia City Police Station received a report that there were suspicious persons on the south side of the Batavia Junior High School. Police Officers James Tuttle and Eugene Jankowski, who were driving separate police vehicles, were dispatched to the scene. Tuttle approached from the south side of the school and Jankowski approached from the north. Defendant and two other males were sitting on a picnic table located within a partially fenced area on the southeast side of the junior high school. The school was closed at that hour, but the area was lighted. Upon approaching the scene, the officers requested that the three individuals produce identification. Defendant gave his name but stated that he had no identification, as did one of the others. A third was able to produce identification. According to testimony at a suppression hearing, the officers had decided at that point to arrest the trio for trespass and they then conducted body searches and found marihuana in the pocket of one of the men. As the police were about to place the three men in a patrol car, Officer Tuttle noticed a wallet lying on the ground with a $50 bill visible near the picnic table. He testified that when he picked the wallet up, defendant volunteered that it was his. Since defendant had previously stated that he had no identification, Tuttle told him he would have to identify the contents. Defendant then directed Tuttle's attention to the section of the wallet containing his driver's license. Opposite the license, he saw a piece of paper with a black star. He tentatively identified the star as LSD and accordingly seized the wallet and took it to the police station. The substance was later sent to a lab for testing and proved to be LSD. Defendant contends that this evidence was the product of an unlawful search. County Court denied his motion to suppress, however, finding that the search was incident to a lawful arrest for trespass (Penal Law, § 140.05) because defendant and his companions were unlawfully on the school grounds at night. It refused to find a valid arrest for trespass, third degree, finding that that area was

not fenced in a manner to exclude intruders (see Penal Law, § 140.10). We find no valid arrest. The school grounds were open to the public, notwithstanding the fact that the building itself was closed, and defendant and his companions were thus privileged to remain on the property until forbidden to do so (see Penal Law, § 140.00, subd 5). Nevertheless, the evidence was not obtained as the result of an unlawful search. The People had the burden to establish the legality of the police conduct in the first instance (see *People v Berrios,* 28 NY2d 361, and cf. *People v Baldwin,* 25 NY2d 66). They did so by showing that the police had received information of suspicious persons on school property at nighttime and that they approached these men peacefully to ask them to identify themselves (see *People v De Bour,* 40 NY2d 210, 216-219). From all that appears in the record, the wallet had been discarded by the time the police officers reached defendant. At least defendant did not supply any evidence that the subsequent unlawful activity of the police caused him to abandon it. When the police retrieved the wallet, defendant volunteered that it was his and they reasonably demanded that he identify it since he had previously denied having any identification. When he directed their attention to his driver's license, the LSD was observed. Since the prior illegal conduct of the police did not precipitate the abandonment of the wallet, the subsequent discovery and seizure of it and the unlawful drug it contained was proper (see *People v Rogers,* 52 NY2d 527; *People v Boodle,* 47 NY2d 398, 402-403; *People v Townes,* 41 NY2d 97; *People v Berrios, supra; People v Hunter,* 30 NY2d 774). We have considered defendant's other points and find none requires reversal. (Appeal from judgment of Genesee County Court — criminal possession controlled substance, fifth degree.) Present — Cardamone, J.P., Simons, Hancock, Jr., Denman and Schnepp, JJ.