OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by remitting the case to County Court, Albany County, for a determination of the facts concerning the handcuffing of defendant, and, as so modified, affirmed.
*865 Although the uncontradicted testimony at the suppression hearing indicated that defendant was handcuffed at some point during his encounter with the police, the suppression court made no finding as to when in relation to the questioning the police actually placed the handcuffs on defendant; indeed, the court made no reference to handcuffs at all. The Appellate Division memorandum is similarly unenlightening since that court merely stated that defendant was frisked and handcuffed and that "[a]t that time” he made his initial damaging admission. The factual question of when defendant was handcuffed is material to the only preserved issue of law —i.e., whether defendant’s statements and the cocaine were the fruit of an illegal arrest. We have no recourse but to remit this case to the suppression court to make the necessary factual findings based on the existing record.
In the event the suppression court finds that defendant was handcuffed before, or at the same time as, he made his initial statement, then in the circumstances presented the suppression motion should be granted, defendant’s plea vacated, and the indictment dismissed. In the event the suppression court finds that defendant made his initial statement before handcuffing, the judgment should be amended to reflect that determination.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified and case remitted to Albany County Court for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.