OPINION OF THE COURT
Per Curiam.
Three plain-clothes police officers, while on anticrime patrol in The Bronx, received a radio report of an armed robbery in progress at a nearby address. The report described the perpetrators as four black males armed with two guns apiece. Just moments after receiving this information and as the officers were approaching the crime scene, they spotted the defendant and three other black males running away from the direction of the robbery. Believing that defendant and his three companions might be the perpetrators, the officers exited their unmarked patrol vehicle, identified themselves and approached the four men for questioning. The four suspects then scattered and fled in different directions with defendant leading one of the officers on a chase into a dark alley. Before following defendant into the alley, the officer, concerned for his own safety, called for uniformed backup. When help arrived, the two officers proceeded into the alley and apprehended defendant who was apparently attempting to scale a wall. Defendant was then handcuffed and brought out of the alley into a brighter area so that he could be safely searched for weapons and questioned. Immediately after being handcuffed, but prior to any questioning, defendant spontaneously admitted his complicity in the robbery. Defendant later moved to suppress his statements, contending that he was under arrest as soon as he was handcuffed and that the arrest was not supported by probable cause since no inculpatory statements were made until after the handcuffs had been applied. Supreme Court denied the motion and defendant was subsequently convicted, upon a jury verdict, of two counts of robbery in the first degree. The Appellate Division affirmed the conviction, concluding, inter alia, that under the circumstances the handcuffing of defendant did not constitute an arrest. We agree and thus affirm.
In the circumstances presented, the police officers were entitled to handcuff defendant to effect his nonarrest detention in order to ensure their own safety while they removed him to a more suitable location to pat him down for weapons *380 (see, People v Chestnut, 51 NY2d 14; People v Benjamin, 51 NY2d 267). Nothing in our precedents establishes a rule that the application of handcuffs will always be dispositive of whether the detention of a suspect on reasonable suspicion has been elevated into a full-blown arrest (People v Hicks, 68 NY2d 234; cf., People v Tirado, 69 NY2d 863). Where, as here, police officers find themselves in a rapidly developing and dangerous situation presenting an imminent threat to their well-being, they must be permitted to take reasonable measures to assure their safety and they should not be expected "to await the glint of steel” before doing so (People v Benjamin, 51 NY2d, at 271, supra). This case does not present a situation in which the officers’ initial use of handcuffs was gratuitous and not warranted by the threat confronting them (cf., People v Tirado, 69 NY2d 863, supra). Nor does it involve the unnecessary, prolonged handcuffing of a suspect detained on reasonable suspicion after the threat justifying the use of handcuffs has been neutralized. Here, the poor lighting conditions prevailing in the alley, combined with the officers’ reasonable belief that defendant might be armed, justified the limited use of handcuffs to prevent defendant from reaching for a concealed weapon while the officers were taking him to a safer location.
Finally, the determination that reasonable suspicion existed to justify the nonarrest detention of defendant involves a mixed question of fact and law and is supported by evidence in the record. Therefore, this issue is beyond our review (People v Jones, 69 NY2d 853, 855; People v Harrison, 57 NY2d 470, 477).
Accordingly, the order of the Appellate Division should be affirmed.