■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 20, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dubin, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The description provided by a citizen who asserted that someone attempted to steal his bag, in conjunction with the defendant's suspicious behavior, provided the police officers with a sufficient predicate upon which to stop the defendant and question him regarding his identity *(see, People v Carrasquillo*, 54 NY2d 248; *People v De Bour*, 40 NY2d 210; *People v Springer*, 92 AD2d 209). The defendant's sudden hand movement toward his jacket pocket, which occurred after he had given contradictory information in response to the police officers' questions regarding his address, caused one of the police officers to become fearful for his physical safety. The police officer then acted reasonably by grabbing the defendant's hand *(see, People v Allen*, 73 NY2d 378; *People v Herrar*, 120 AD2d 614). It was while engaging in this lawful conduct that the officer felt a bulge in the defendant's pocket. The officer discovered the bulge was a quantity of cocaine. Based upon the foregoing, we conclude that the defendant's motion to suppress this cocaine, as well as the cocaine subsequently found in his boots and the incriminating statements he made at the station house, was properly denied. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.