■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered October 30, 1987, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

While on patrol, Officer McManus received a report of a burglary in progress which provided a description of a male seen exiting the burglarized premises. Approximately one minute thereafter, the officer noticed the defendant, who matched the description and who was wearing only one shoe. In response to questioning, the defendant offered an improbable explanation as to his presence and the loss of a shoe. Thereupon, the officer told the defendant to enter the rear of the police vehicle and explained to him that he matched the description of a man exiting premises that had been burglarized. At a showup that was conducted immediately thereafter, an eyewitness identified the defendant as the man who had burglarized her apartment.

On appeal the defendant contends that the actions taken by the police constituted a de facto arrest for which probable cause was lacking. We disagree. In determining whether a de facto arrest has taken place, the test to be applied is what a reasonable person, innocent of any crime, would have thought had he been in the defendant's position (*see, People v Hicks,* 68 NY2d 234, 240; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Application of this test renders the defendant's contention without merit.

We have reviewed the defendant's other contentions, including those raised in his supplemental *pro se* brief, and conclude they are without merit. Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.