■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant. [613 NYS2d 20] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered April 24, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, and sentencing him to concurrent terms of 5 to 15 years, 2 to 6 years, and 1½ to 4½ years, respectively, and also convicting him, upon his guilty plea, of criminal possession of a controlled substance in the third degree, and sentencing him to a concurrent term of 3 to 9 years, unanimously affirmed.

The verdict was neither based on insufficient evidence nor was it against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The People established beyond a reasonable doubt that defendant and his cohorts were the initial aggressors in this gunfight (Penal Law § 35.15 [1] [b]), notwithstanding the absence of evidence that defendant fired the first shot *(People v Filippelli,* 173 NY 509, 518).

Defendant was not deprived of a fair trial by references to police narcotics surveillance, which were initially elicited without objection, and which the People carefully clarified to exclude any implication that defendant was a narcotics suspect.

The court properly denied defendant's motion to suppress a statement as fruit of an allegedly unlawful arrest. When defendant, who matched a radioed description of a shooting suspect, was seen in close spatial and temporal proximity to the crime, divesting himself of an object, this gave the police, at the very least, reasonable suspicion of criminality justifying their forcible seizure of defendant *(People v Allen,* 73 NY2d 378), whereupon their immediate discovery that the discarded

object was a firearm gave rise to probable cause. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.