■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON ORTIZ, Appellant. [727 NYS2d 411] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 8, 1998, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him, as a second felony offender, to a term of 7½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant and his group met a description of assailants that was sufficiently specific and accurate under the geographic and temporal circumstances to give the officers reasonable suspicion to stop and detain them on the street (*see, People v Hicks,* 68 NY2d 234, 238-241; *People v Marcus,* 282 AD2d 377; *People v Ford,* 265 AD2d 239, *lv denied* 94 NY2d 880; *People v Rodriguez,* 262 AD2d 177). The group met the description in a number of significant respects, particularly as to the specific number of persons involved and the fact that two girls on bicycles were part of the group. When the officers took two members of the group to the hospital where the victim was being treated, the victim identified them as members of the group of assailants, thus confirming the officers' reasonable belief that they had stopped the right group. The police then returned

to the scene and lawfully transported defendant to the hospital for a showup at which the victim identified him (*see, People v Allen*, 73 NY2d 378).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). There is no basis upon which to disturb the jury's determinations concerning identification and credibility (*see, People v Gaimari*, 176 NY 84, 94). Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.