■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAISEN BARNES, Appellant. [771 NYS2d 359]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 6, 2000, convicting him of robbery in the second degree (two counts) and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The information provided by the robbery complainant gave the police reasonable suspicion to detain the defendant in order to conduct a prompt showup identification (*see People v Sharpe,* 259 AD2d 639 [1999]; *People v Evans,* 237 AD2d 458 [1997]). The fact that the police may have used handcuffs to detain the defendant for the purpose of the showup identification did not transform the detention into a full-blown arrest (*see People v Allen,* 73 NY2d 378 [1989]; *People v Evans, supra* at 459). In addition, the defendant's contention that the showup identification was unduly suggestive is without merit. Under the circumstances, the showup identification which was conducted in close spatial and temporal proximity to the offense was not unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 543 [1991]; *cf People v Ortiz,* 90 NY2d 533, 537 [1997]).

The Supreme Court properly denied the defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) to the prosecutor's use of peremptory challenges against African-American prospective jurors. The defendant failed to demonstrate that the race-neutral reasons advanced by the prosecutor were pretextual (*see People v Hernandez,* 75 NY2d 350 [1990], *affd* 500 US 352 [1991]; *People v McCoy,* 266 AD2d 589, 590-591 [1999]; *People v Wint,* 237 AD2d 195, 198 [1997]; *see generally People v Richie,* 217 AD2d 84, 89 [1995]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.