■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE GALLOWAY, Appellant. [835 NYS2d 135]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered September 15, 2005, convicting defendant of four counts each of robbery in the first and second degrees, and sentencing him to an aggregate term of 18 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The identification testimony was extensively corroborated by circumstantial evidence.

The court properly denied defendant's suppression motion. Officers, who were aware that an armed robbery had occurred minutes before, followed a trail of dropped objects they knew to be related to the robbery. The trail led them around the corner from the robbery scene to a building vestibule, where a woman stated that a possible trespasser was on the fifth floor. When the police encountered defendant sitting in the fifth-floor stairwell, the chain of events provided, at least, reasonable suspicion upon which to detain defendant for a prompt identification. The police use of handcuffs was justified by the circum-

stances, and it did not transform the detention into an arrest (*see People v Allen*, 73 NY2d 378 [1989]). Furthermore, after being handcuffed, defendant told the officer he was visiting a friend, but he could not provide that person's name. That response, coupled with the surrounding circumstances, clearly indicated that he was at least a trespasser, and provided probable cause for his arrest (*see e.g. People v Tinort*, 272 AD2d 206 [2000], *lv denied* 95 NY2d 872 [2000]; *People v Magwood*, 260 AD2d 246 [1999], *lv denied* 93 NY2d 1004 [1999]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.