■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL J. McCOY, Appellant. [848 NYS2d 505]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered August 18, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]), defendant contends that County Court erred in refusing to suppress evidence and statements he made to the police because they lacked reasonable suspicion to pursue him and probable cause to arrest him. We reject that contention. After hearing a radio broadcast that was based upon information gathered by his fellow officers during the investigation of a robbery, the officer approached defendant to question him about his presence near the scene of the robbery. Defendant then fled on foot, and we conclude that his flight "combined with those other specific circumstances indicative of criminality on his part [communicated by the radio broadcast], gave rise to reasonable suspicion justify-

ing the officer's pursuit of defendant" (*People v Nesmith*, 289 AD2d 1049 [2001], *lv denied* 97 NY2d 758 [2002]; *see People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]). In addition, the officer testified at the suppression hearing that defendant was repeatedly looking over his shoulder at the officer and sticking his hand into his pocket while fleeing, which led the officer to believe that defendant possessed a weapon (*see generally Matter of Al F.*, 17 AD3d 141 [2005]). Contrary to the contention of defendant, he was not under arrest at the time that he was handcuffed and placed in a police vehicle for an investigatory detention (*see People v Galloway*, 40 AD3d 240 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Gatling*, 38 AD3d 239 [2007], *lv denied* 9 NY3d 865 [2007]; *see also People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]; *see generally People v White*, 35 AD3d 1263, 1264 [2006], *lv denied* 8 NY3d 951 [2007]). The police had probable cause to arrest defendant when they discovered a loaded gun in a ravine along defendant's flight path (*see People v Williams*, 28 AD3d 1095 [2006], *lv denied* 7 NY3d 765 [2006]).

We reject the further contention of defendant that the court erred in denying his motion to dismiss the jury pool on the ground that it did not reflect a fair cross section of the community. Defendant "failed to set forth sufficient facts demonstrating a systematic exclusion of African-Americans from the jury pool" (*People v Owens*, 39 AD3d 1260, 1260 [2007], *lv denied* 9 NY3d 849 [2007]; *see People v Cotton*, 38 AD3d 1189 [2007], *lv denied* 8 NY3d 983 [2007]). Contrary to the further contention of defendant, there were no *Batson* violations. The People offered race-neutral reasons for each peremptory challenge at issue, and the reasons were not pretextual (*see generally People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Allen*, 86 NY2d 101, 109-110 [1995]). Specifically, the People explained that they used peremptory challenges with respect to two Hispanic prospective jurors who they believed would likely be sympathetic toward defendant. One of those prospective jurors was the friend of a convicted murderer and had recently visited another friend in jail, and the other had recently visited her uncle in jail (*see People v Ball*, 11 AD3d 904, 905 [2004], *lv denied* 3 NY3d 755 [2004], 4 NY3d 741 [2004]; *People v Cuthrell*, 284 AD2d 982 [2001]; *see also People v Feliciano*, 228 AD2d 519 [1996], *lv denied* 88 NY2d 1068 [1996]).

The court also properly denied defendant's request to charge the jury with the defense of temporary innocent possession of a weapon inasmuch as "there was no reasonable view of the evidence upon which the jury could have found that the defendant's

possession was innocent" (*People v Johnson*, 30 AD3d 439 [2006], *lv denied* 7 NY3d 813 [2006]). The evidence established that, rather than taking the opportunity to relinquish the gun to the police officer, defendant instead chose to flee on foot, and he threw the gun into a ravine. Defendant's conduct was thus " 'utterly at odds with any claim of innocent possession' " (*People v Sheehan*, 41 AD3d 335, 335 [2007], quoting *People v Williams*, 50 NY2d 1043, 1045 [1980]; *see People v Gonzalez*, 262 AD2d 1061 [1999], *lv denied* 93 NY2d 1018 [1999]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.