■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN L. WILSON, Appellant. [857 NYS2d 841]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered February 7, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and menacing in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of

a controlled substance in the third degree (Penal Law § 220.16 [1]). County Court properly refused to suppress the drugs found protruding from the key pocket of defendant's jeans. Contrary to defendant's contention, the record of the suppression hearing establishes that the police officer who found the drugs had information that was sufficient to provide the officer with a "founded suspicion that criminality was afoot" (*People v Hollman*, 79 NY2d 181, 188 [1992]), including information from a police radio dispatch of a disturbance involving two suspects, one of whom may have had a weapon. Upon arriving at the scene, the officer noted that defendant matched the description of a man seen nearby the previous day with a handgun. The evidence adduced at the suppression hearing thus establishes that the officer had a reasonable suspicion that defendant and the two other men who were at the specified location might be armed (*see generally People v Benjamin*, 51 NY2d 267, 271 [1980]; *People v Robinson*, 278 AD2d 808, 809 [2000], *lv denied* 96 NY2d 787 [2001]; *People v Stokes*, 262 AD2d 975, 976 [1999], *lv denied* 93 NY2d 1028 [1999]). Contrary to defendant's further contention, the officer did not conduct a full-blown search by lifting defendant's heavy leather jacket to ascertain whether defendant had a weapon in his waistband. Rather, the officer's limited protective frisk for weapons "was reasonable based on the bulkiness of that garment and the officer's inability to determine whether a weapon was being concealed" (*People v Muniz*, 12 AD3d 937, 939 [2004]; *see also People v Moyaho*, 12 AD3d 692 [2004], *lv denied* 4 NY3d 766 [2005]; *People v Hampton*, 197 AD2d 365 [1993], *lv denied* 82 NY2d 925 [1994]). "It would, indeed, be absurd to suggest that a police officer has to await the glint of steel before he can act to preserve his safety. Considering the totality of the circumstances, including the radio call and the information acquired by observation at the scene, there was an ample measure of reasonable suspicion necessary to justify the limited intrusion which produced the [drugs protruding from defendant's pocket]" (*Benjamin*, 51 NY2d at 271).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.