# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**104**

**KA 10-01765**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALBERT DRAKE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (CHRISTOPHER P. JURUSIK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 3, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, tampering with physical evidence and false personation.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant contends that Supreme Court erred in refusing to suppress both physical evidence discovered in his vehicle by the police and his statements to the police. We reject that contention. As defendant correctly concedes, the People established that the police officer was entitled to approach him to conduct a common-law inquiry because the officer had the requisite "founded suspicion that criminal activity [was] afoot" (*People v De Bour*, 40 NY2d 210, 223). On the evening prior to the police conduct at issue, the police received five separate 911 telephone calls reporting a man displaying a handgun. The callers provided detailed descriptions of the suspect's physical appearance, his vehicle, and his location. When the police responded to the scene, however, they were unable to locate the suspect or a handgun. While on patrol the following evening near the location where the suspect had been reported, an officer observed a vehicle matching the description provided by the 911 telephone callers being driven into a gas station. In addition, the driver's physical appearance and clothing matched the descriptions of the suspect provided in the 911 telephone calls. Based upon that information, the officer was justified in approaching defendant and requesting his name (*see generally People v Moore*, 6 NY3d 496, 500; *De Bour*, 40 NY2d at

223).  After the officer parked his patrol vehicle behind defendant's vehicle at the gas station, however, defendant "jumped out of the car, leaving the [driver's side] door open," and "dart[ed]" toward the store.  The officer further testified that he could not see defendant's hands and that defendant was moving his arms in an unusual manner.  Defendant's actions upon exiting the vehicle, coupled with the 911 telephone calls that a man matching his description had been seen displaying a handgun in the area the previous evening, furnished the requisite reasonable suspicion for the officer to detain defendant temporarily (*see Moore*, 6 NY3d at 500-501; *People v Benjamin*, 51 NY2d 267, 270-271).  For the same reasons, the officer was justified in conducting a limited protective frisk of defendant's outer clothing in order to ascertain whether he was armed (*see People v Wilson*, 50 AD3d 1609, 1610, *lv denied* 11 NY3d 796; *People v Robinson*, 278 AD2d 808, 809, *lv denied* 96 NY2d 787).

Contrary to defendant's further contention, we conclude that he was not subjected to a de facto arrest when he was briefly detained in the patrol vehicle for the officer's safety (*see People v McCoy*, 46 AD3d 1348, 1349, *lv denied* 10 NY3d 813; *cf. People v Lowman*, 49 AD3d 1262, 1263-1264; *see generally People v Allen*, 73 NY2d 378, 379-380).  It is well established that not every forcible detention constitutes an arrest (*see People v Hicks*, 68 NY2d 234, 239).  Indeed, "[i]n determining whether a de facto arrest has taken place, the test to be applied is what a reasonable person, innocent of any crime, would have thought had he [or she] been in the defendant's position" (*People v Ward*, 163 AD2d 501, 502, *lv denied* 77 NY2d 883; *see Hicks*, 68 NY2d at 240; *People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).  Here, after the officer was unable to complete the pat down of defendant due to defendant's bulky clothing and repeated movements, the officer placed defendant in the backseat of the patrol vehicle for the officer's safety, until assistance arrived.  Backup arrived shortly thereafter and, after the second officer observed crack cocaine on the front seat of defendant's vehicle, the police advised defendant of his rights and placed him under arrest.  Under the circumstances presented, the officer was entitled to "effect [defendant's] nonarrest detention in order to ensure [his] own safety" while awaiting assistance (*Allen*, 73 NY2d at 379).

Finally, to the extent that defendant's contention that he was denied effective assistance of counsel is not forfeited by his guilty plea (*see People v Shubert*, 83 AD2d 1577), we conclude that it lacks merit.  Defendant's contention is based on the alleged failure of defense counsel to make any arguments in support of suppression.  Although no motion papers are included in the record on appeal, it is apparent from the court's suppression decision and order that defense counsel in fact made arguments in support of suppression, including that the police lacked the authority to stop and frisk defendant and that defendant's statements were involuntary.  Moreover, a review of the suppression hearing transcript reflects that defense counsel focused his cross-examination at the suppression hearing on those issues.  Thus, contrary to defendant's contention, defense counsel developed a strategy in seeking suppression of both the physical evidence seized by the police and defendant's statements to the police

(*see generally People v Ford*, 86 NY2d 397, 404).

Entered:  March 16, 2012                   Frances E. Cafarell
                                           Clerk of the Court