# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**247**
**KA 14-00853**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

DOMINIQUE T. WIGGINS, DEFENDANT-APPELLANT.

---

ANN M. NICHOLS, BUFFALO, AND E. EARL KEY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 3, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the handgun seized from his person because he was subject to a de facto arrest for which the police did not have probable cause. Defendant failed to preserve that contention for our review (*see People v Andrews*, 57 AD3d 1428, 1429, *lv denied* 12 NY3d 850) and, in any event, the contention lacks merit.

The evidence from the suppression hearing establishes that, after the officers stopped defendant's vehicle, defendant was unable to produce his license and registration when asked for them, and that he made repeated furtive movements toward one of his jacket pockets while in his vehicle. After he was directed to exit the vehicle, defendant refused to obey the officers' further directives that he keep his hands up, thereby preventing the officers from frisking him for weapons. In response, the officers handcuffed defendant and attempted to place him in a patrol vehicle while they continued their investigation. Defendant again resisted, however, and continued to attempt to reach toward his jacket pocket until additional officers arrived and assisted the initial officers in frisking defendant. The handgun defendant sought to suppress was found during that frisk.

"It is well established that not every forcible detention constitutes an arrest" (*People v Drake*, 93 AD3d 1158, 1159, *lv denied*

19 NY3d 1102; *see People v Hicks*, 68 NY2d 234, 239), and that officers may handcuff a detainee out of concern for officer safety (*see People v Allen*, 73 NY2d 378, 379-380). Furthermore, a "corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he [or she] is in danger of physical injury by virtue of the detainee being armed" (*People v De Bour*, 40 NY2d 210, 223; *see People v Curry*, 81 AD3d 1315, 1315-1316, *lv denied* 16 NY3d 858). Here, contrary to defendant's contention, we conclude that "he was not subjected to a de facto arrest when he was briefly detained . . . for the officer[s'] safety" (*Drake*, 93 AD3d at 1159; *see Allen*, 73 NY2d at 379-380). Consequently, we further conclude that the police had probable cause to arrest him when they discovered a loaded handgun in his pocket (*see People v Madrid*, 52 AD3d 530, 531, *lv denied* 11 NY3d 790; *People v McCoy*, 46 AD3d 1348, 1349, *lv denied* 10 NY3d 813).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court