■ In the Matter of TERRELL H., a Person Alleged to be a Juvenile Delinquent, Appellant. [8 NYS3d 210]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about February 4, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of criminal trespass in the second degree, and placed him with the Close to Home program for a period of eight months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress his statements to the police. During a lawful investigatory detention (*see People v Galloway*, 40 AD3d 240 [1st Dept 2007]), *lv denied* 9 NY3d 844 [2007]) the police only asked clarifying questions that did not require *Miranda* warnings (*see People v Huffman*, 41 NY2d 29, 33-34 [1976]; *Matter of Rennette B.*, 281 AD2d 78 [1st Dept 2001]). An investigatory seizure of a suspect does not necessarily require the police to administer *Miranda* warnings before asking any questions (*see Berkemer v McCarty*, 468 US 420, 436-437 [1984]; *People v Bennett*, 70 NY2d 891 [1987]).

The fact-finding determination was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCESS SORDEN, Appellant. [6 NYS3d 477]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Charles Solomon, J.), rendered on or about August 7, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.