People v Pruitt (2018 NY Slip Op 00724)





People v Pruitt


2018 NY Slip Op 00724


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, DEJOSEPH, AND WINSLOW, JJ.


1297 KA 13-01973

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICOLE PRUITT, ALSO KNOWN AS NICKIE PRUITT, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DANIELLE L. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered November 7, 2013. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that County Court erred in refusing to suppress a handgun and her statements to the police.
Contrary to defendant's contention, the court properly determined that the police conduct was "justified in its inception and . . . reasonably related in scope to the circumstances [that] rendered its initiation permissible" (People v De Bour, 40 NY2d 210, 222 [1976]). Based upon the totality of the circumstances, including the short period of time between the 911 call reporting a female with a handgun and the arrival of the police officer at the reported location, defendant's presence at that location, and the officer's observations that defendant's physical characteristics and clothing matched the description of the suspect, the officer was " justified in forcibly detaining defendant in order to quickly confirm or dispel [his] reasonable suspicion of defendant's possible [possession of a weapon]' " (People v Williams, 136 AD3d 1280, 1283 [4th Dept 2016], lv denied 27 NY3d 1141 [2016], 29 NY3d 954 [2017]). Even assuming, arguendo, that the 911 call to which the officer was responding was made by an anonymous caller, we conclude that "the information provided by the caller was sufficiently corroborated to provide reasonable suspicion" (People v Moss, 89 AD3d 1526, 1527 [4th Dept 2011], lv denied 18 NY3d 885 [2012]; see People v Argyris, 24 NY3d 1138, 1140 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US &mdash, 136 S Ct 793 [2016]).
Contrary to defendant's further contention, she was not subjected to an unlawful de facto arrest when, after exiting his patrol vehicle and approaching defendant on foot, the officer handcuffed her, conducted a pat frisk, and placed her in the back of the patrol vehicle. "It is well established that not every forcible detention constitutes an arrest" (People v Drake, 93 AD3d 1158, 1159 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]; see People v Hicks, 68 NY2d 234, 239 [1986]), and that an "officer[] may handcuff a detainee out of concern for officer safety" (People v Wiggins, 126 AD3d 1369, 1370 [4th Dept 2015]; see People v Allen, 73 NY2d 378, 379-380 [1989]). Moreover, a "corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he is in danger of physical injury by virtue of the detainee being armed" (De Bour, 40 NY2d at 223; see Wiggins, [*2]126 AD3d at 1370). Here, we conclude that defendant was not under arrest when she was handcuffed, pat frisked, and placed in the patrol vehicle for an investigatory detention (see People v McCoy, 46 AD3d 1348, 1349 [4th Dept 2007], lv denied 10 NY3d 813 [2008]). Contrary to defendant's related contention, although the pat frisk did not reveal any weapons, her continued detention in the patrol vehicle was justified while the officer immediately searched for anything that had been surreptitiously left behind a nearby parked SUV inasmuch as the officer, prior to approaching defendant, had observed her crossing the street with another individual and had lost sight of her as she walked behind the SUV. Under these circumstances, we conclude that defendant's brief, continued detention was reasonable inasmuch as the officer "diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly" (Hicks, 68 NY2d at 242; see Allen, 73 NY2d at 380), and " a less intrusive means of fulfilling the police investigation was not readily apparent' " (People v Howard, 129 AD3d 1654, 1656 [4th Dept 2015], lv denied 27 NY3d 999 [2016]).
Contrary to defendant's further contention, even if she had been in custody, we conclude under the circumstances of this case that the court properly refused to suppress her pre-Miranda statements and any fruits thereof. The statements, which were made after the officer discovered a purse behind the SUV, "were responses to threshold inquiries by the [officer] that were intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime, and those statements thus were not subject to suppression" (People v Mitchell, 132 AD3d 1413, 1414 [4th Dept 2015], lv denied 27 NY3d 1072 [2016] [internal quotation marks omitted]; see People v Coffey, 107 AD3d 1047, 1050 [3d Dept 2013], lv denied 21 NY3d 1041 [2013]).
Defendant also contends that the court erred in refusing to suppress the handgun on the ground that the officer's discovery of it was the result of an unlawful warrantless search of the contents of the purse. We reject that contention. " It is well settled that the suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (People v Sylvester, 129 AD3d 1666, 1667 [4th Dept 2015], lv denied 26 NY3d 1092 [2015]). Here, the evidence established that the officer discovered the purse discarded in a public place on the ground behind the SUV and acted reasonably in picking it up, and that he did not open or look inside it at that time (see generally People v Wright, 88 AD2d 879, 880 [1st Dept 1982], affd 58 NY2d 797 [1983]; People v Branson, 81 AD2d 1031, 1032 [4th Dept 1981]). After defendant indicated that the purse belonged to her, the officer put the purse down. Despite some equivocal testimony from the officer, the record supports the court's determination that the barrel of the handgun came into the plain view of the officer when the open, flexible purse "laid flat" upon being placed on the trunk of the patrol vehicle (cf. People v Johnson, 241 AD2d 527, 527-528 [2d Dept 1997], lv denied 90 NY2d 1012 [1997]; see generally People v Brooks, 110 AD2d 571, 572 [1st Dept 1985], affd 65 NY2d 1021 [1985]). Where, as here, an officer is lawfully in a position from which an object is viewed, has lawful access to the object, and the object's incriminating nature is immediately apparent, the officer may properly seize the object in plain view without a warrant (see generally People v Brown, 96 NY2d 80, 88-89 [2001]).
Inasmuch as there was no unlawful police conduct with respect to defendant's detention, her initial statements to the officer, or the seizure of the handgun, her further contention that her subsequent statements at the police station should have been suppressed as tainted by prior unlawful police conduct is necessarily without merit (see People v Bethany, 144 AD3d 1666, 1668 [4th Dept 2016], lv denied 29 NY3d 996 [2017]).
Finally, we reject defendant's contention that the court abused its discretion in denying her motion to withdraw her guilty plea on the ground that defense counsel was ineffective without conducting an evidentiary hearing. Defendant was "afforded [a] reasonable opportunity to present [her] contentions," and the court made "an informed determination" in denying the motion on the merits (People v Tinsley, 35 NY2d 926, 927 [1974]). Inasmuch as defendant's conduct was " utterly at odds with any claim of innocent possession' " of the handgun (People v Griggs, 108 AD3d 1062, 1063 [4th Dept 2013], lv denied 21 NY3d 1074 [2013]), defense counsel was not ineffective for failing to advise defendant of that potential defense (see generally People v Adams, 90 AD3d 1508, 1509-1510 [4th Dept 2011], lv denied 18 NY3d 954 [2012]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court