People v Gonzalez (2022 NY Slip Op 50372(U))

[*1]

People v Gonzalez (Jose)

2022 NY Slip Op 50372(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-608 Q CR

The People of the State of New York,
Appellant,
against
Jose Gonzalez, Respondent. 

Queens County District Attorney, Robert J. Masters John M. Castellano, Joseph N. Ferdenzi and
Edward D. Saslaw of counsel, for appellant.
Appellate Advocates, Melissa Lee of counsel, for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Karen
Gopee, J.), dated February 27, 2019. The order, insofar as appealed from and as limited by the
brief, after a hearing, granted the branch of defendant's motion seeking to suppress all evidence
based on a lack of probable cause for his arrest.

ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of
defendant's motion seeking to suppress all evidence based on a lack of probable cause for his
arrest is denied, and the matter is remitted to the Criminal Court for a determination of the branch
of defendant's motion seeking to suppress evidence of three witnesses' identifications of
defendant.
Insofar as is relevant to this appeal, defendant was charged with assault in the third degree
(Penal Law § 120.00 [1]) in connection with a physical altercation which allegedly took
place between defendant and the complainant taxi driver. Thereafter, the People filed and served
CPL 710.30 notices of their intent to offer evidence of three witnesses' identifications of
defendant. Defendant subsequently moved to suppress all evidence on the ground that the police
had no probable cause to arrest him when they handcuffed him in his apartment, or, in the
alternative, to suppress, among other things, evidence of the witnesses' identifications of
defendant based upon [*2]the circumstances of the
identifications. Following a combined Huntley/Wade/Dunaway hearing, the Criminal
Court found, among other things, that, by handcuffing defendant in his apartment, the police had
placed him under arrest without probable cause. Consequently, by order dated February 27, 2019,
insofar as appealed from by the People and as limited by their brief, the court granted the branch
of defendant's motion seeking to suppress all evidence based on a lack of probable cause for the
arrest, and did not consider the merits of the branch of defendant's motion seeking to suppress
evidence of the witnesses' identifications on alternate grounds.
The People contend that the police were constitutionally permitted to handcuff defendant,
based on their reasonable suspicion, in order to return him to the scene for a showup
identification and that, thereafter, they had probable cause to arrest him.
At the combined hearing, Police Officer Bhardwaj testified that, at about 1:55 a.m., he
received a radio run regarding "a physical fight or crime in progress," and arrived at the scene at
about 2:00 a.m., along with Sergeant Battaglia and Police Officer Vasic. At the scene, he
observed a taxi stopped in the middle of the street, with the complainant lying on the ground,
next to the taxi, bleeding from his ear. Two witnesses standing nearby stated to the officer that
"the guy" had run off in a specified direction. Battaglia and Vasic immediately went off in that
direction, and Bhardwaj attended to the complainant. The two witnesses then told Bhardwaj that
they had heard a man and the complainant "fighting over a fare or something," and, as they got
nearer to the location of the altercation, they saw the man on top of the complainant, who was on
the ground outside of the taxi, and then saw the man run away.
Sergeant Battaglia testified that, upon pursuing in the direction that they were told, he and
Officer Vasic encountered a woman standing outside of a building, about three houses from the
scene, who told him that her "husband just ran upstairs in a frenzy." Battaglia informed the
woman that her husband might have been involved in an altercation and asked her if he could
talk to her husband. The woman agreed and took Battaglia into her apartment, where he met
defendant, who stated "yes, I was involved with the altercation outside." At that point, they
placed him in handcuffs and, at about 2:05 a.m., brought him back to the scene. The two
witnesses and the complainant informed Bhardwaj that defendant was the person who had
engaged in the altercation with the complainant. Thereafter, Bhardwaj arrested defendant, placed
him in the patrol car, and took him to the precinct, where defendant made a post-arrest statement
to Bhardwaj for which the People provided a CPL 710.30 (1) (a) notice.
It is well settled that an investigative detention is permissible where a police officer has
reasonable suspicion of criminal activity (see People v Hicks, 68 NY2d 234, 238 [1986]).
Reasonable suspicion "is satisfied where an officer has 'that quantum of knowledge sufficient to
induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal
activity is at hand' (People v Woods, 98 NY2d 627, 628 [2002])" (People v Williams, 73 AD3d 1097,
1098 [2010]). Under the circumstances presented, we find that, after defendant told Sergeant
Battaglia that he had been "involved with the altercation outside," Battaglia had the "quantum of
knowledge sufficient to induce an ordinarily prudent and cautious [person] under the
circumstances to believe criminal activity [was] at hand," which was sufficient to satisfy the
reasonable suspicion standard required for him to detain defendant for an investigation
(Woods, 98 NY2d at 628; Williams, 73 AD3d at 1098) and to handcuff
defendant. 
The Court of Appeals has rejected the notion that "the application of handcuffs will [*3]always be dispositive of whether the detention of a suspect on
reasonable suspicion has been elevated into a full-blown arrest" (People v Allen, 73
NY2d 378, 380 [1989]; see People v
Gray, 143 AD3d 909, 909 [2016]; People v Santiago, 41 AD3d 1172, 1174 [2007]; People v Galloway, 40 AD3d 240,
240 [2007]; People v McCarthy, 64
Misc 3d 20, 23-24 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Here, about five
minutes after the police originally arrived at the scene, Sergeant Battaglia handcuffed defendant
at the apartment and took him back to the scene, which was just a few feet away from defendant's
apartment. Clearly, the handcuffing of defendant was necessary to ensure his presence for a
prompt showup identification (see Williams, 73 AD3d at 1099; People v Barnes, 4 AD3d 433
[2004]; McCarthy, 64 Misc 3d at 23-24), and it did not transform this detention into a
full-blown arrest (see McCarthy, 64 Misc 3d at 23-24; see also Barnes, 4 AD3d
433). Consequently, the Criminal Court improperly found that defendant had been arrested at his
apartment. Thus, the court's suppression of all evidence based on a lack of probable cause for
defendant's "arrest" was erroneous.
On the basis of its determination that defendant had been arrested without probable cause
therefor once he was handcuffed in his apartment, the Criminal Court also suppressed all
statements, including identifications, that were made thereafter. It is noted that the court
independently reviewed two unnoticed statements, finding that one should be suppressed and that
the other should not be, and neither of those determinations are the subject of this appeal.
Defendant did not seek suppression of a third, noticed, statement. However, the court did not
reach the remaining issue—whether the three show-up identifications of defendant should
be suppressed based upon, among other things, the circumstances of the identifications. 
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's
motion seeking to suppress all evidence based on a lack of probable cause for the arrest is denied,
and the matter is remitted to the Criminal Court for a determination of the remaining branch of
defendant's motion seeking to suppress evidence of the witnesses' identifications of defendant.

WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022