People v Luis (2025 NY Slip Op 05475)

People v Luis

2025 NY Slip Op 05475

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind. No. 0032/20|Appeal No. 4857|Case No. 2022-05224|

[*1]The People of the State of New York, Respondent,
v
Jorge Luis, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J. at hearing; James McCarty, J. at plea; Timothy W. Lewis, J. at sentencing), rendered October 19, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree and possession of ammunition, and sentencing him to consecutive jail terms of one year, unanimously affirmed.
Defendant validly waived his right of appeal, which forecloses review of his suppression and Second Amendment claims (see People v Liriano, 226 AD3d 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). The court's colloquy tracked the model colloquy endorsed by the Court of Appeals in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). Additionally, defendant executed a written waiver, which he reviewed with counsel, that reiterated the court's explanation of the right of appeal (see People v Walker, 206 AD3d 541 [1st Dept 2022], lv denied 38 NY3d 1191 [2022]). Even if the language in the Spanish waiver was translated imperfectly, "imprecise . . . language in appeal waivers" does not "prevent their enforcement, so long as all the relevant facts and circumstances surrounding the waiver . . . reveal[s] that the waivers were knowingly, intelligently and voluntarily entered" (Thomas, 34 NY3d at 559-560). Accordingly, defendant's valid waiver forecloses review of his suppression and Second Amendment claims.
Regardless of whether defendant validly waived his right to appeal, the court properly denied defendant's motion to suppress the pistol. The police were entitled to detain defendant because their investigation, prompted by several 911 calls reporting a shooting and crime scene bystanders who directed police to an abandoned house where defendant was detained with two other men, was "a rapidly developing and dangerous situation presenting an imminent threat to their well-being" (People v Allen, 73 NY2d 378, 380 [1989]). Thus, to "ensur[e] their safety," the police were entitled to detain defendant even without "particularized suspicion" (People v Henderson, 162 AD3d 517, 517 [1st Dept 2018], lv denied 32 NY3d 1111 [2018]). Additionally, the police did not affect an arrest by handcuffing defendant, patting him down, and asking him to sit on the floor with the two other men (see id.).
In addition to being waived as noted, defendant's claim that New York's ban on handgun possession by individuals under 21 years of age is unpreserved because he failed to raise it in his motion to dismiss the indictment (see People v Maldonado, 230 AD3d 1069, 1070 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]), and we decline to review it in the interest of justice. Furthermore, defendant has not established that the ban is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Tarazona, 239 AD3d 544, 545 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025