■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MANUEL PERDOMO, Respondent. [620 NYS2d 340] —Order of the Supreme Court, Bronx County (Dominic Massaro, J.), entered June 2, 1992, which granted defendant's motion to suppress physical evidence and a statement, unanimously reversed, on

the law, and the motion denied. This matter is remanded to Supreme Court for further proceedings in accordance with CPL 470.45.

Shortly before midnight on January 16, 1991, Police Officer Armando Rodriguez and his partner were on plainclothes patrol in an unmarked car. They stopped at a red traffic signal in the vicinity of University Avenue in Bronx County and pulled up next to a livery cab. Rodriguez testified that, from less than ten feet away, he observed defendant seated in the back seat of the cab. From the light provided by street-lights, Rodriguez glimpsed a shiny silver object, five to six inches long and with a metal finish, in defendant's hands. Rodriguez believed that defendant was holding a gun and alerted his partner, but before they could exit their vehicle, the light changed and the cab drove away. At the next corner, the cab stopped and defendant started to get out. Simultaneously, Officer Rodriguez, approaching the livery cab with his gun drawn but held at his side and pointed at the ground, identified himself as a police officer. He observed, from a distance of only a few feet, that defendant had in his possession a partially opened foil package in which glassine bags containing white powder could be seen. Defendant then dropped the package to the floor of the cab. When Officer Rodriguez arrested defendant on the basis of the presumed possession of cocaine, defendant stated, "That's not mine. You didn't see me with it."

The court fully credited the testimony of Officer Rodriguez, which it found to be candid, concluding that the officer believed he had seen defendant holding a gun and that he possessed an objective, credible reason for entertaining this belief. Nevertheless, the court held that a "second or two observation of a glint from a silver shiny object emanating from the back seat of an unlit livery cab, standing alone, does not rise to the level of an objective credible reason to justify the minimal intrusion of approaching Perdomo to elicit information; certainly it does not constitute a founded suspicion that criminal activity was underway." The court further determined that, even if there had been a basis to request information, in the absence of any menacing behavior on defendant's part, the officer's approach with gun drawn constituted an impermissible stop.

The legal conclusions reached by the court are inconsistent with its factual findings (People v Thomas, 176 AD2d 539, 540, lv denied 79 NY2d 833). Having credited the testimony of

Officer Rodriguez in all respects, it logically follows that the circumstances confronting the police warranted further investigation. Observation of what Officer Rodriguez reasonably believed to be a firearm in the hands of a passenger in the dark interior of the livery cab raised a corresponding inference that a robbery might be in progress. At the very least, the possession of a firearm by the passenger raised a concern for the safety of the driver and elevated the situation to the level of a common-law inquiry *(People v Hollman,* 79 NY2d 181, 184-185; *People v De Bour,* 40 NY2d 210, 223). Defendant's emergence from the cab at the officer's approach escalated the situation still further, warranting a justifiable concern for personal safety on the part of the officer *(People v Allen,* 73 NY2d 378; *People v Benjamin,* 51 NY2d 267) and justifying the drawing of his weapon *(People v Rivera,* 121 AD2d 939, 941). If the glint of steel in the waistband poses a threat to a police officer's well-being, the glint of steel in the hand poses a threat that must be regarded as all the more immediate *(see, People v Oeller,* 191 AD2d 355, 356, *affd* 82 NY2d 774).

Finally, there is no question that the observation of clear packages, containing a white substance and wrapped in aluminum foil, provided probable cause to believe that defendant was engaged in criminal activity. Concur—Asch, J. P., Rubin, Nardelli and Tom, JJ.