■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATHERIO STOKES, Appellant. [694 NYS2d 258] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). He contends that County Court erred in denying his motion to suppress various items seized by the police during a search of his vehicle and person, as well as statements he later made to the police.

At approximately 12:10 A.M., a Deputy Sheriff observed an Acura in a storage shed facility that had been the site of previous burglaries. Upon further investigation, he observed a second vehicle, a Ford Explorer, that appeared to have been pulled out of one of the storage sheds. The Deputy observed two individuals, one seated in the Acura (Mark Imes) and the other (defendant) standing by the open door of the storage shed. When the Deputy further observed that Imes had an alcoholic beverage, he asked Imes to step out of the vehicle. While the Deputy patted Imes down for officer safety reasons,

defendant moved into the storage shed. The Deputy asked him to come out. When defendant began reaching into his waistband, the Deputy drew his weapon and ordered defendant to put his hands up. Defendant raised his hands but had his back to the Deputy, who then ordered defendant to turn around. As defendant did so, he again began reaching into his waistband. The Deputy testified that defendant reached into his waistband three or four times. As the Deputy approached defendant, he saw a pistol that had fallen down defendant's pant leg. After the Deputy brought defendant to police headquarters, defendant made various statements to an investigator regarding his possession of the gun.

The suppression court concluded that, under *People v De Bour* (40 NY2d 210), the Deputy "at the very least [had] a founded suspicion that criminal activity was afoot" and that the circumstances "created a reasonable suspicion that the individuals involved were committing a burglary at the scene; at the very least, they created a founded suspicion of criminality justifying [the Deputy's] approach and investigating what the two cars were doing in the area". The court further concluded that defendant's behavior, namely, reaching into his waistband, "supplied probable cause to believe that he was armed". Finally, the court concluded that defendant's statements to the investigator were spontaneous in nature and thus denied defendant's motion to suppress the items seized as well as the statements.

Defendant concedes that the Deputy had a common-law right to inquire. That right is activated by a "founded suspicion that criminality is afoot" (*People v Hollman*, 79 NY2d 181, 191; *see, People v De Bour, supra*, at 223). Thus, the Deputy was justified in approaching defendant and Imes to inquire about the ownership of the storage shed. Defendant contends, however, that the subsequent actions of the Deputy exceeded the scope of his authority. We disagree. Significantly, the Deputy did not draw his weapon until he saw defendant reach into his waistband. At that moment, the Deputy had a reasonable basis for fearing for his safety and was not required to "await the glint of steel" (*People v Benjamin*, 51 NY2d 267, 271; *see, People v Brown*, 215 AD2d 771, *lv denied* 86 NY2d 780; *People v Morales*, 198 AD2d 129, *lv denied* 83 NY2d 808). Defendant's action warranted "a justifiable concern for personal safety on the part of the officer" (*People v Perdomo*, 210 AD2d 96, 98, *lv dismissed* 85 NY2d 912; *see, People v Allen*, 73 NY2d 378), and the Deputy was justified in drawing his weapon (*see, People v Rivera*, 121 AD2d 939, 941).

The court properly denied the motion to suppress the statements defendant made to the investigator because they were spontaneous in nature and not in response to interrogation (*see, People v Hylton*, 198 AD2d 301, *lv denied* 82 NY2d 925; *People v Walker*, 191 AD2d 603, *lv denied* 81 NY2d 1021). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.