# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

49

KA 10-01766

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

MARIO BRACY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (KRISTI M. AHLSTROM OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

        Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 21, 2010.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and unlawful possession of marihuana.

        It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and the facts by vacating the part convicting defendant of unlawful possession of marihuana, granting the omnibus motion insofar as it sought to suppress the marihuana found on defendant's person, and dismissing the third count of the indictment, and as modified the judgment is affirmed.

        Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [3]) and unlawful possession of marihuana (§ 221.05).  After indictment, defendant moved, inter alia, to suppress a loaded handgun and marihuana that were seized from his person by a police officer.  County Court denied the motion, and defendant pleaded guilty to the indictment.  Defendant's sole contention on appeal is that the court erred in denying that part of his omnibus motion seeking to suppress the handgun and marihuana seized from his person.  We conclude that the court properly refused to suppress the handgun that was seized from the pocket of defendant's pants, but we agree with defendant that the court should have suppressed the marihuana seized from the waistband of his pants.  We therefore modify the judgment accordingly.

        We reject defendant's initial contention that the arresting officer violated his rights by approaching him and asking for identification.  According to the testimony presented by the People at

the suppression hearing, when the officer approached defendant, he and another man were standing in a street next to an occupied parked vehicle in an area that the officer knew to be subject to violence. Defendant and the other man were standing in the street in a manner that forced any passing vehicles to drive around them, into the opposing traffic lane. Thus, "[t]he testimony at the suppression hearing establishes that the police officer[] had an objective, credible reason for initially approaching defendant and requesting information from him" (*People v Hill*, 302 AD2d 958, 959, *lv denied* 100 NY2d 539; *see generally People v Hollman*, 79 NY2d 181, 190-193; *People v De Bour*, 40 NY2d 210, 213).

Contrary to defendant's further contention, the evidence presented at the suppression hearing establishes that the arresting officer had reasonable suspicion to believe that defendant posed a threat to her safety at the time of the frisk. When the officer first asked if the four men present, i.e., defendant, the other man outside the car, and two additional men inside the car, had identification, the only person who responded was the person in the driver's seat of the car, and his response was merely that he was not driving. The officer exited her vehicle, stood next to defendant and the other man outside the car, and again asked if the four men had identification. This time no one spoke, but both defendant and the other man quickly reached toward their pockets or the waistbands of their pants. In addition, both men were wearing long hooded jackets that covered their pants below the pockets, and as previously noted the officer was aware that the area in which the incident occurred was subject to violence. The officer was thus confronted by two men in proximity to her, both of whom were reaching for their pockets or the waistbands of their pants. The officer grabbed the sweatshirts of both men, placed one man in her vehicle, and frisked defendant. The officer therefore was justified in lifting defendant's sweatshirt to check for weapons, and in patting down the outside of defendant's clothing. While doing so, the officer felt a hard object that she concluded was a handgun, which led to the seizure of the loaded firearm from defendant's pocket. Based on that evidence, we conclude that the frisk of defendant was a "constitutionally justified intrusion designed to protect the safety of the officer[]" (*People v Robinson*, 278 AD2d 808, 809, *lv denied* 96 NY2d 787; *see People v Mack*, 49 AD3d 1291, 1292, *lv denied* 10 NY3d 866).

We note that, although the men may have been reaching for their identification papers in response to the officer's inquiry, the officer "had a reasonable basis for fearing for [her] safety and was not required to 'await the glint of steel' " (*People v Stokes*, 262 AD2d 975, 976, *lv denied* 93 NY2d 1028, quoting *People v Benjamin*, 51 NY2d 267, 271). Moreover, given that the police officer touched a bulging pocket and felt a hard object that she reasonably feared to be a weapon, the officer did not act unlawfully in reaching into the pocket and removing the object (*see People v Davenport*, 9 AD3d 316, *lv denied* 3 NY3d 705).

We agree with defendant, however, that the court erred in refusing to suppress the bag of marihuana that the officer removed

from his waistband.  The information that the officer possessed when she seized the bag justified only a limited pat frisk to protect her safety.  Indeed, " '[t]he purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his [or her] investigation without fear of violence' " (*Minnesota v Dickerson*, 508 US 366, 373).  "Rather, a protective search—permitted without a warrant and on the basis of reasonable suspicion less than probable cause—must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby' " (*id.*; *see People v Cantor*, 36 NY2d 106, 110-111; *People v Lazcano*, 66 AD3d 1474, *lv denied* 13 NY3d 940).  Here, to the contrary, the officer testified that she observed the bag when she lifted defendant's sweatshirt, and she thought that it was a kit used to test for marihuana.  Thus, the officer exceeded the permitted scope of the search by removing the bag from the suspect's waistband to identify its contents (*see People v Dobson*, 41 AD3d 496, 497, *lv denied* 9 NY3d 874).  The court's finding that the officer knew that the bag contained marihuana before she removed it from defendant's waistband is not supported by the evidence at the suppression hearing, including the testimony of the officer herself.

Finally, insofar as defendant contends that the improper seizure of the marihuana requires suppression of the handgun, we reject that contention.  The evidence presented at the suppression hearing establishes, and the court properly concluded, that the officer found the handgun as part of a pat frisk that she conducted for her safety.  Finding the bag of marihuana before discovering the handgun neither eliminated nor diminished the safety factors confronting her.  Thus, she was permitted to continue frisking defendant's clothing, which is when she discovered the weapon.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court