# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**8**

**KA 12-01414**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                          MEMORANDUM AND ORDER

JESSE F. JOHNSTON, DEFENDANT-RESPONDENT.

---

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN, FOR APPELLANT.

MICHAEL A. JONES, JR., VICTOR, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Yates County Court (W. Patrick Falvey, J.), dated June 4, 2012. The order granted the motion of defendant to suppress certain evidence.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Yates County Court for further proceedings.

Memorandum: The People appeal from an order granting that part of defendant's omnibus motion to suppress evidence, i.e., a weapon and oral statements made by defendant to an investigator employed by the Sheriff's Department. County Court suppressed the weapon on the ground that, because the initial lawful encounter between defendant and the Sheriff's Deputy was improperly elevated to a level two encounter under *People v De Bour* (40 NY2d 210, 233), the ensuing search of defendant was not warranted, and the statements made by defendant were the fruit of an unlawful arrest. We agree with the People that the court erred in suppressing the weapon and statements on those grounds. The testimony at the suppression hearing established that a Sheriff's Deputy was on patrol in a marked vehicle at approximately 2:30 p.m. when he observed defendant and his codefendant walking from a residential driveway apron toward a vehicle in a nearby public parking lot used in conjunction with a State-owned recreation area. The officer explained that there had been an increased number of daytime residential burglaries and that the two men were walking from private property to a vehicle parked in a public parking area. The officer also explained that the men were dressed "pretty heavy" for the mid-70-degree day, that their dress was uncharacteristic of the hikers and mountain bicyclists who normally visited the area, and that marihuana was often harvested during that time of year. As the court properly determined, the People met their burden of establishing that the officer had an articulable reason for approaching defendant as he and the codefendant were about to enter their vehicle in the public parking lot and asking the basic,

nonthreatening question, "what's up guys?" (*see People v Hollman*, 79 NY2d 181, 185; *People v Rodriguez*, 82 AD3d 1614, 1615, *lv denied* 17 NY3d 800). Indeed, such "questions need be supported only by an objective credible reason not necessarily indicative of criminality" (*Hollman*, 79 NY2d at 185).

Upon the officer's approach, defendant began to slide down the side of the vehicle away from the officer and the codefendant placed his hands in the pocket of his hooded sweatshirt. The officer directed codefendant to remove his hands from his pocket and when codefendant raised his hands, the officer observed the outline of a handgun. Thus, the officer was thereafter justified in drawing his service weapon and ordering defendant and the codefendant to the ground inasmuch as he "had a reasonable basis for fearing for his safety and was not required to 'await the glint of steel' " (*People v Stokes*, 262 AD2d 975, 976, *lv denied* 93 NY2d 1028, quoting *People v Benjamin*, 51 NY2d 267, 271). Inasmuch as the officer had reason to believe that defendant was armed, he was justified in handcuffing him and frisking him for weapons to ensure his own safety (*see People v Fagan*, 98 AD3d 1270, 1271; *see also People v Allen*, 73 NY2d 378, 380). During the course of that frisk, the officer discovered a loaded revolver in defendant's waistband. Under the circumstances presented here, we conclude that the court erred in suppressing the weapon and thus also erred in suppressing defendant's subsequent statements to an investigator as the fruit of the allegedly illegal encounter with the Deputy. We note, however, that the court did not otherwise address any arguments advanced by defendant in support of the suppression of those statements. Because "the only issues that we may consider on this appeal are those that 'may have adversely affected the appellant' " (*People v Schrock*, 99 AD3d 1196, 1197, quoting CPL 470.15 [1]; *see People v Concepcion*, 17 NY3d 192, 194-195), we hold the case, reserve decision, and remit the matter to County Court to rule on any other arguments raised by defendant in support of suppression of the statements.

Entered: February 8, 2013

Frances E. Cafarell
Clerk of the Court