# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

590
KA 15-00658
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

AAMONI ROUSE, DEFENDANT-APPELLANT.

---

TULLY RINCKEY, PLLC, ROCHESTER (PETER J. PULLANO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 10, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the gun found on his person. The evidence presented at the suppression hearing established that a police officer, who was conducting surveillance of a house known to be the site of recent gang activity, observed one of the eight men congregated in front of the house with his hand in the pocket of his shirt holding what appeared to be the handle of a handgun. In addition, the officer observed the outline of what appeared to be a gun. The hearing testimony also established that defendant was recognized as a member of the gang and that the gang was known to be in a feud with another gang at that time. Five officers exited a vehicle, and a police officer conducted a pat search of the man who was observed holding what appeared to be a handgun in his pocket, but no weapon was found. Another officer then engaged in a pat search of another man, who was wearing a large coat on a very warm night and had been standing nearby the man believed to have been holding the gun in his pocket. When a gun was recovered from the pocket of that man's coat, the police conducted pat searches of the remaining members of the group and recovered three additional guns, one of which was from the pocket of defendant's pants. We conclude that the court properly determined that the police had reasonable suspicion to stop defendant because there were " 'specific and

articulable facts . . . , along with any logical deductions, [that] reasonably prompted th[e] intrusion' " (*People v Brannon*, 16 NY3d 596, 602).  Furthermore, the court properly determined that the police officers "had a reasonable basis for fearing for [their] safety and [were] not required to await the glint of steel" before conducting a pat search of defendant (*People v Bracy*, 91 AD3d 1296, 1298, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]*; see People v Fletcher*, 130 AD3d 1063, 1065, *affd* 27 NY3d 1177*; see also People v Clay*, 147 AD3d 1499, 1500).

We reject defendant's further contention that the court abused its discretion in denying his request for youthful offender treatment based upon alleged mitigating circumstances, and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Quinones*, 140 AD3d 1693, 1693-1694, *lv denied* 28 NY3d 935).  The sentence is not unduly harsh or severe.

Entered:  April 28, 2017                          Frances E. Cafarell
                                                   Clerk of the Court