People v Messano (2023 NY Slip Op 00769)

People v Messano

2023 NY Slip Op 00769

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

916 KA 21-01729

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA MESSANO, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 23, 2021. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the weapon that was found in a vehicle he was operating. We reject that contention, and thus we affirm.
This prosecution arises from an incident in which a sheriff's detective observed a vehicle commit several traffic violations before approaching a second vehicle, and the occupants of the vehicles began conversing with each other. Both vehicles then pulled into a parking lot that served only a closed business, and the detective observed the driver of the second vehicle, later identified as defendant, exit his vehicle and repeatedly lean into the first vehicle to talk to the person sitting inside that vehicle. In between talking to the occupant, defendant looked around outside the vehicle and also looked at and texted on his phone. The detective described what he observed, based on his experience of observing hundreds of similar transactions, as a drug transaction. He then observed a third vehicle drive into the lot, and the driver who exited that vehicle was known to the detective as someone who had prior narcotics arrests. The detective called for assistance, and several sheriff's deputies responded. As one of the deputies approached defendant's vehicle, defendant exited it, closed the driver's door, and walked toward the deputy. The deputy frisked defendant and then directed him to wait behind his vehicle. The frisk yielded no evidence. As the deputy approached defendant's vehicle, he observed a rolled-up dollar bill and white powdery substance on the driver's seat. A handgun was seized during the ensuing search of the vehicle.
We reject defendant's contention that he was unlawfully seized. The court properly determined that, based on the totality of the observations by the detective, which he communicated with the deputy (see People v Mobley, 120 AD3d 916, 918 [4th Dept 2014]), the deputy had a reasonable suspicion that defendant was involved in a drug transaction (see People v Wright, 158 AD3d 1125, 1126 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; cf. People v Hernandez, 187 AD3d 1502, 1504 [4th Dept 2020]). In any event, "the seizure of [the items inside the vehicle] was not the result of the allegedly illegal detention of defendant, who was outside the parked vehicle when the police officer approached and detained him" (People v Washington, 37 AD3d 1131, 1132 [4th Dept 2007], lv denied 8 NY3d 992 [2007]). Even if the deputy had not detained defendant, he could have simply walked up to the vehicle, looked in the window, and observed the drugs in plain view on the driver's seat. Contrary to defendant's further contention, the deputy's observations of the rolled-up dollar bill and white powdery [*2]substance provided probable cause to arrest defendant for possession of drugs (see generally People v Langen, 60 NY2d 170, 172 [1983], cert denied 465 US 1028 [1984]; People v Mason, 186 AD2d 590, 590-591 [2d Dept 1992], lv dismissed 80 NY2d 1028 [1992]).
All concur except Whalen, P.J., and Bannister, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent inasmuch as we conclude that County Court erred in denying that part of defendant's omnibus motion seeking to suppress a firearm that was found in a vehicle he was operating. We agree with defendant that the law enforcement officers lacked reasonable suspicion to detain him. Reasonable suspicion "may not rest on equivocal or 'innocuous behavior' that is susceptible of an innocent as well as a culpable interpretation" (People v Brannon, 16 NY3d 596, 602 [2011]; see People v Riddick, 70 AD3d 1421, 1422 [4th Dept 2010], lv denied 14 NY3d 844 [2010]). Here, a sheriff's detective, after observing a vehicle driving erratically, followed that vehicle and another vehicle driven by defendant into a parking lot. Defendant exited his vehicle and leaned into the passenger window of the first vehicle to have a conversation with the other driver, during which defendant occasionally stood up to use his cell phone. A third man, whom the detective recognized as having prior narcotics possession arrests, then arrived in a separate vehicle. The detective relayed his observations to, among others, a sheriff's deputy who approached defendant, immediately pat frisked him, and ordered him to stand behind his vehicle with another officer. The deputy then looked through the open driver's side window of defendant's vehicle and observed a white powdered substance and rolled dollar bill on the driver's seat. A subsequent search of defendant's vehicle revealed the firearm.
In our opinion, the facts of this case are indistinguishable from People v Hernandez (187 AD3d 1502, 1504-1505 [4th Dept 2020]) where we concluded that the police officers lacked reasonable suspicion to detain the defendant because "the officer conducting the surveillance and directing the stop of defendant 'did not see what the defendant and [the alleged buyer] exchanged, could not see if one of the [participants] gave the other something in return for something else, and did not see money pass between the two [individuals]' " (id. at 1505, quoting People v Loper, 115 AD3d 875, 879 [2d Dept 2014]). Here, the sheriff's detective admitted at the suppression hearing that he did not actually observe a hand-to-hand drug transaction. Further, the detective testified that he did not observe defendant drive erratically or commit any traffic violations before defendant drove into the parking lot with the other vehicle. Although the business associated with the parking lot was closed, it was early evening on a summer day, it was not an unusual hour, nor was there inclement weather (see id. at 1504; cf. People v Johnston, 103 AD3d 1202, 1203 [4th Dept 2013], lv denied 21 NY3d 912 [2013]). The arrival of the third man with prior convictions for narcotics possession after the presumed hand-to-hand drug transaction occurred lacks any significance inasmuch as an officer's awareness that an individual has a history of drug-related convictions, without more, does not provide a reasonable suspicion that a crime has been committed, is being committed, or is about to be committed (see People v King, 206 AD3d 1576, 1577 [4th Dept 2022]). The detective did not observe any interaction between defendant and this third man and did not testify to any knowledge of a relationship between the two men. Additionally, the sheriff's deputy who detained defendant testified that he observed no indicia of criminality himself and acknowledged that defendant was not acting in a threatening manner when he approached the deputy. Inasmuch as the actions observed by the law enforcement officers were " 'at all times innocuous and readily susceptible of an innocent interpretation' " (People v Mobley, 120 AD3d 916, 918 [4th Dept 2014]; see Riddick, 70 AD3d at 1422), the law enforcement officers lacked the requisite reasonable suspicion to detain defendant.
Next, having concluded that the police action was not justified in its inception (see People v De Bour, 40 NY2d 210, 222 [1976]), we further disagree with the majority's conclusion that suppression is unwarranted because the observation by the sheriff's deputy of a rolled-up dollar bill and white powdery substance on the driver's seat of defendant's vehicle was independent of or attenuated from the improper police conduct in seizing defendant (see generally People v Bradford, 15 NY3d 329, 333 [2010]). "The attenuation doctrine requires a court to consider 'the temporal proximity of the [unlawful conduct] and the [evidence obtained], the presence of intervening circumstances and, particularly, the purpose and flagrancy of the official misconduct' " (id.). Here, there were no intervening circumstances. Instead, upon completing the pat frisk of defendant, the sheriff's deputy directed a fellow officer to detain defendant at the back of the vehicle, resulting in a continuation of the initial seizure that [*3]permitted the sheriff's deputy an unobstructed view of the driver's seat. We would therefore reverse the judgment, vacate the plea, grant that part of defendant's omnibus motion seeking to suppress the firearm seized from his vehicle, dismiss the indictment,
and remit the matter to County Court for proceedings pursuant to CPL 470.45.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court