OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 During a
 
 Mapp
 
 hearing, Officer Davin testified that on January 11, 1990, while sitting in uniform in a marked patrol car parked on West Thirty-third Street in Manhattan, he was approached by a uniformed United Parcel Service driver. The driver pointed to three males walking on the sidewalk about 20 feet from the officer, and told him that the three men had "just robbed someone.” All three suspects, including defendant, wore new leather jackets. Defendant wore a black jacket, his companion wore a brown jacket with the price tags still attached, and the third wore a red jacket.
 

 The officer began following the trio on foot. Shortly thereafter, the trio turned and saw him. Upon seeing the officer, the individual wearing the brown jacket fled across Thirty-third Street toward Fifth Avenue, discarding the jacket as he ran, and disappeared. At the same time, defendant and the individual wearing the red jacket walked about five feet and entered the lobby of the Empire State Building. The officer chased the individual who ran across Thirty-third Street, but lost him.
 

 Upon returning to the area around the Empire State Building, Officer Davin began to describe what had occurred to
 
 *1014
 
 another police officer. During his narrative, Officer Davin observed defendant and his companion emerge, still wearing the leather jackets, from a different entrance to the lobby. Officer Davin grabbed them, placed them against a wall of the building, and frisked and handcuffed them. After receiving a radio transmission concerning a robbery of jackets from a clothing store located one block away, the officer transported defendant and his companion to the store, where they were identified and arrested. Based upon this testimony, Supreme Court denied defendant’s motion to suppress the physical evidence at the conclusion of the hearing. Defendant was convicted, after a jury trial, of second degree burglary and two counts of second degree robbery, and sentence was imposed. The Appellate Division, with one Justice dissenting, affirmed.
 

 Defendant argues that his detention was unwarranted. The determination that reasonable suspicion existed to justify the detention of defendant involves a mixed question of fact and law
 
 (see, People v Hicks,
 
 68 NY2d 234, 238), and is supported by evidence in the record
 
 (see, People v Benjamin,
 
 51 NY2d 267, 270). Accordingly, our review of the propriety of the detention is at an end. Defendant also argues that the officer was not justified in handcuffing him. In the circumstances presented, however, the officer was justified in using handcuffs to protect the safety of officers and bystanders
 
 (see, People v Allen,
 
 73 NY2d 378, 379-380). Accordingly, the courts below did not err in denying defendant’s motion to suppress the physical evidence.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.