THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SMITH, Appellant. [644 NYS2d 495]

The totality of the circumstances provided a proper basis for the forcible stop and detention of defendant (*People v Polanco*, 174 AD2d 468, 469). A police officer saw an unidentified citizen chasing after defendant and was told by the pursuer that the man had just perpetrated a robbery (*People v Fernandez*, 182 AD2d 431, 432, *lv denied* 79 NY2d 1049). Defendant's continued flight from other officers, who had been alerted by the first officer and who were pursuing defendant in a van, and their observation that defendant had discarded his outer shirt along the way, clearly provided police with reasonable suspicion that defendant had committed a crime (*see, People v Polanco, supra*).

Upon cornering defendant in a parking garage, the officers were entitled to conduct a protective pat down, since the radio call had stated an armed robbery had been committed (*see, People v Liner*, 133 AD2d 555, *appeal dismissed* 70 NY2d 945), and to handcuff defendant to protect their own safety (*People v Foster*, 85 NY2d 1012). Finally, upon receiving word within minutes that the victims of a robbery had been located in a nearby hotel, the officers were entitled to transport the handcuffed suspect to conduct a showup identification (*see, supra*).

We have considered defendant's contention that the prompt, on-the-scene showup identification was unduly suggestive and find it to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.