■ The People of the State of New York, Respondent, v Aaron Breaziel, Appellant. [667 NYS2d 347] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered April 25, 1984, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, and robbery in the first degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 8⅓ to 25 years, and 6 to 18 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The court properly determined that defendant was not subjected to an unreasonable search and seizure, and that the police conduct leading to defendant's arrest was reasonable at all stages (*see, People v Batista*, 88 NY2d 650, 653; *see also, People v Benjamin*, 51 NY2d 267, 271). The record indicates that the police observed defendant in the area of the crimes within one-half hour thereof; that defendant fit the radioed description of the perpetrator as to gender, race, height, build, clothing, and apparent age; and that defendant, who was the only individual in the area who was sweating profusely, engaged in evasive action at the approach of the police. The totality of the circumstances provided reasonable suspicion that defendant had committed a crime, and thus the police were justified in forcibly stopping and detaining defendant (*People v Hollman*, 79 NY2d 181, 185). Since the officers were aware that a knife had been used in the commission of the crimes, they were justified in conducting a frisk of defendant for safety purposes (*People v Smith*, 228 AD2d 173, *lv denied* 88 NY2d 1071). In the circumstances, defendant's transport to the crime scene, in handcuffs, for the purpose of a prompt showup was appropriate police procedure (*see, People v Foster*, 85 NY2d 1012, 1014; *People v Smith, supra*). In light of the complainant's identification of defendant as the perpetrator of the crimes during the lawfully conducted showup procedure, the court properly found that defendant's arrest was based on probable cause.

The loss of the minutes of the summations does not entitle defendant to reversal. The transcript of the reconstruction hearing previously directed by this Court indicates that none of the parties recalled any specific objection to any specific comment made by the prosecutor during summation, and that the court recalled that defendant had made no motion for a mistrial based on any summation comment of the prosecutor. Defendant's speculation that objections or motions might have

been in connection with the prosecutor's summation is insufficient to rebut the presumption of regularity in the proceedings, and thus defendant has failed to demonstrate that the reconstruction hearing was inadequate to protect his right of appeal (*see, People v Andino*, 183 AD2d 834, *lv denied* 80 NY2d 901). Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.