■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD OVERBY, Also Known as RICHARD OVERBEY, Appellant. [674 NYS2d 339] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered May 31, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police found defendant, who matched a sufficiently specific description provided by the complainant of her assailant, and

who was sweating profusely on a cool, autumn evening, as though "he had been running", two and one-half blocks away from the crime scene, in the direction the complainant had told the police that her assailant had fled. These facts, along with defendant's suspicious answers to the officers' questions, provided reasonable suspicion that defendant had committed the crime and permitted the police to detain him in order to conduct a showup with the complainant (*see, People v Breaziel*, 246 AD2d 310; *People v Plato*, 247 AD2d 317; *People v Johnson*, 245 AD2d 112). Under the circumstances presented, where defendant was suspected of trying to kill his girlfriend by stabbing her repeatedly in the neck, his transport to the crime scene, in handcuffs, for the purpose of a prompt showup, was appropriate police procedure (*People v Breaziel, supra*; *see also, People v Foster*, 85 NY2d 1012). After the complainant identified defendant as the individual who had attacked her, the officers had probable cause to arrest him and to conduct a search incident to that arrest.

Suppression of defendant's spontaneous statement made immediately after bloody bills were recovered from his pocket during the search incident to arrest, before *Miranda* warnings were provided, was properly denied since the statements were not made in response to any form of police interrogation (*compare, People v Barbarisi*, 243 AD2d 259, *lv denied* 91 NY2d 868, *with People v Ferro*, 63 NY2d 316, *cert denied* 472 US 1007).

The court properly exercised its discretion by receiving into evidence the five photographs of the crime scene and street where the victim fled after the incident since they demonstrated the violent nature of the attack, defendant's intent to injure the victim, who was not depicted, and served to corroborate her testimony and defendant's statements to the police (*see, People v Wood*, 79 NY2d 958; *People v Pobliner*, 32 NY2d 356, *cert denied* 416 US 905; *People v Cruz*, 249 AD2d 136). Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.