Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about October 31, 2007, which, upon reargument, adhered to a prior order granting defendant’s motion to suppress physical evidence and identification testimony, unanimously reversed, on the law and the facts, the motion denied, and the matter remanded for further proceedings. Appeal from the prior order, same court and Justice, entered on or about August 13, 2007, unanimously dismissed as superseded by the appeal from the later order.
A detective, who was alone and on his way to work, saw two men having an altercation. Defendant fled from the other man, stopped, turned, reached into his back pants pocket and swiped at the other man three times, causing the other man to raise his hands and back away from defendant, who then ran away. The detective pursued, stopped and handcuffed defendant; within some 15 seconds the other participant in the altercation arrived and told the detective that defendant had robbed him. An ensuing search revealed a cell phone stolen from the robbery victim and a nail file.
The hearing court concluded that the detective was entitled to stop and question defendant, but that the situation was too “ambiguous” to permit handcuffing. Accordingly, it suppressed the physical evidence and out-of-court identification as fruits of that action.
We conclude that based on his observations, the detective reasonably suspected that defendant possessed a concealed weapon *343 (see generally People v Cantor, 36 NY2d 106, 112-113 [1975]), and that, upon lawfully stopping him, the detective appropriately handcuffed defendant to ensure his own safety (see People v Foster, 85 NY2d 1012, 1014 [1995]). The fact that the detective could not see a weapon in defendant’s hand is not controlling, because the actions of the two men clearly suggested the presence of a knife or other sharp object. While defendant claims that the information presented to the detective at the time of the forcible detention suggested that defendant may have been merely defending himself with a lawfully possessed object, the circumstances were such that the detective was entitled to protect himself before investigating that possibility (see People v Allen, 73 NY2d 378, 380 [1989]; People v Benjamin, 51 NY2d 267, 271 [1980]). Concur—Lippman, EJ., Mazzarelli, Buckley, McGuire and DeGrasse, JJ.