The People of the State of New York, Respondent, v Kerri Roberts, Appellant. [29 NYS3d 305]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Roger S. Hayes, J., at jury trial and sentencing), rendered June 7, 2013, convicting defendant of criminal possession of a forged instrument in the second degree (two counts) and identity theft in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously modified, on the law, to the extent of vacating the identity theft conviction and dismissing that count of the indictment, and otherwise affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. Defendant's initial detention was not an arrest, but rather, a forcible stop justified by a reasonable suspicion of criminality (see People v Martinez, 80 NY2d 444, 447 [1992]). A store security guard flagged down the police and told them of a "problem" in the store, and that defendant was "the guy." Defendant attempted to flee as soon as he saw the police, and in his flight he pushed a store employee. The inference was obvious that the "problem" involved criminality, and these fast-paced events provided reasonable suspicion for the detention (see People v Lopez, 258 AD2d 388 [1st Dept 1999], lv denied 93 NY2d 1022 [1999]). Given defendant's violent behavior toward the employee, the use of handcuffs was justified for the temporary detention, and did not elevate the encounter to an arrest (see People v Foster, 85 NY2d 1012, 1014 [1995]; People v Allen, 73 NY2d 378, 379-380 [1989]). Information from store employees about defendant's attempted use of a counterfeit driver's license and credit card, along with an officer's observation of the credit card when an employee placed it under a black light, provided probable cause for the arrest (see People v Chandler, 56 AD3d 284 [1st Dept 2008], lv denied 11 NY3d 923 [2009]).

The court properly found that the statement made by defendant, after Miranda warnings, during an interview at the precinct was attenuated from a brief statement he made at the scene, which the court had suppressed. There was a "pronounced break" between the interrogations (see People v Paulman, 5 NY3d 122, 130-131 [2005]).

The identity theft conviction (Penal Law § 190.79 [3]) was not supported by legally sufficient evidence. As we held in *People v Barden* (117 AD3d 216, 225 [1st Dept 2014], *lv granted* 24 NY3d 959 [2014]), to prove the commission of identity theft, evidence of the use of personal identifying information, alone, is insufficient. Rather, the People must show that the defendant both used the victim's personal identifying information and assumed the victim's identity. Here, while the proof was clear that defendant used the personal identifying information of the victim (*see* Penal Law § 190.77 [1]), there was no proof that he assumed her identity. Instead, he assumed the identity of a fictitious person. We also note that the court's charge, to which defendant sufficiently objected, was defective in the same respect.

The verdict convicting defendant of criminal possession of a forged instrument was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.