People v Roberts (2018 NY Slip Op 05220)





People v Roberts


2018 NY Slip Op 05220


Decided on July 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 12, 2018

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, Webber, JJ.


751 2159/11

[*1]The People of the State of New York, Respondent,
v
Kerri Roberts, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, District Attorney, New York (Alice Wiseman of counsel), for respondent.



Upon remittitur from the Court of Appeals (__ NY3d ___, 2018 NY Slip Op 03172 [2018]), judgment, Supreme Court, New York County (Carol Berkman, J. at suppression hearing; Roger S. Hayes, J. at jury trial and sentence), rendered June 7, 2013, convicting defendant of criminal possession of a forged instrument in the second degree (two counts) and identity theft in the second degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
Defendant was charged with two counts of criminal possession of a forged instrument in the second degree and one count of identity theft in the second degree in connection with allegations that he had attempted to purchase over $1,000 worth of merchandise at a Champs Sports store in Times Square using a counterfeit New Jersey State driver's license and American Express card, both imprinted with the fictitious name "Craig E. Jonathan." The license featured defendant's photograph. When the machine at the store was unable to read the card, defendant insisted that the cashier enter the card manually. The manager told defendant that he knew the card was fraudulent and would call the police if defendant refused to leave. Defendant continued but never succeeded in buying the goods.
After defendant's arrest outside of the store, the police searched him and found identification bearing his true name. They also found a scrap of paper listing various account numbers and associated codes. Defendant admitted that he paid someone for the fake credit card and driver's license. "Craig E. Jonathan" was a fabricated identity. The State of New Jersey had no such person in its records.
At trial, defendant moved to dismiss the identity theft count, asserting that he was purporting to be Craig E. Jonathan and not the actual credit card account holder. The trial court denied the motion, and defendant was convicted as indicated.
On appeal, we modified to the extent of vacating the conviction for identity theft, and otherwise affirmed (138 AD3d 461 [1st Dept 2016]). We reasoned that in order to establish the crime, a defendant had to both use the victim's personal identifying information and assume the victim's identity. We reasoned that while defendant had used the victim's personal identifying information, he had not assumed her identity, but rather, that of a fictitious person.
The Court of Appeals reversed, reasoning that defendant had assumed the identity of the victim within the meaning of the statute. The Court rejected defendant's argument that "the requirement that a defendant assumes the identity of another is not a separate element of the crime," explaining that the statutory language "simply summarizes and introduces the three categories of conduct through which an identity may be assumed" (Slip Op at 5).
The Court remitted the case for consideration of the facts and issues raised but not determined on the appeal (CPL 470.25[2][d]; 470.40[2][b]).
We find that defendant's conviction of identity theft in the second degree was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). The fact that the store [*2]manager was fired for letting a customer use his employee discount does not render his testimony incredible. The allegedly faulty memories of nonexpert witnesses concerning the appearance of the counterfeit card were immaterial. The minor inconsistencies that defendant cites to, and which the witnesses admitted were the result of faulty memory, did not render the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 348 [2007]). Rather, each witness's testimony was generally corroborative of each other's, and was also corroborated by the surveillance videos. Further, a representative from American Express testified at length concerning the factors demonstrating that defendant's card was a fake.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 12, 2018
CLERK