People v Testamark (2019 NY Slip Op 04865)





People v Testamark


2019 NY Slip Op 04865


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


4011/13 9627 9626

[*1]The People of the State of New York, Respondent,
v
Carl Testamark, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at suppression hearing; Bonnie G. Wittner, J. at speedy trial motion, jury trial and sentencing), rendered December 8, 2015, convicting defendant of attempted assault in the first degree, assault in the second and third degrees, criminal possession of a weapon in the third degree, and two counts of criminal contempt in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed. Order, same court, (Bonnie G. Wittner, J.), entered on or about October 14, 2016, which denied defendant's motion to vacate the judgment, unanimously affirmed.
Defendant's speedy trial arguments are entirely unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the speedy trial motion was properly denied. To the extent the record insufficiently establishes that a period beginning September 24, 2014 was excludable from its inception, we find that, at most, five days were includable, because the People filed a valid certificate of readiness on September 29 (see People v Stirrup, 91 NY2d 434, 440 [1998]). All the other periods challenged by defendant on appeal were the result of consent by the defense (see CPL 30.30[4][b]) or other excludable circumstances (see CPL 30.30[4][g]).
We reject, on the merits, defendant's claim that his counsel rendered ineffective assistance regarding the speedy trial motion. Defendant has not established prejudice because there is no reason to believe that, absent counsel's drafting errors in the motion, the motion had any chance of success (see People v Caban, 5 NY3d 143, 152 [2005]; see also Strickland v Washington, 466 US 668 [1984]).
We reject defendant's claim that the verdicts as to the counts relating to his attack on the victim with a scissors were against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations.
The court properly denied defendant's suppression motions. Radio runs regarding an assault in progress at a specified apartment, along with defendant's act of putting up his hands to surrender upon opening the apartment's door, objectively provided reasonable suspicion that he had committed a crime, justifying an investigatory detention. Given the rapidly developing and potentially dangerous situation, the officers were entitled to handcuff defendant briefly to ensure their safety, and this did not elevate the encounter to an arrest (see People v Foster, 85 NY2d 1012, 1014 [1995]; People v Allen, 73 NY2d 378, 379-380 [1989]). Only moments later, the reasonable suspicion ripened into probable cause when the victim stated that defendant attacked her. In any event, the record also supports the court's finding that the spontaneous statement defendant made in the presence of a defendant police officer at a later time and different place was attenuated from any illegality.
Defendant's argument under Payton v New York (445 US 573 [1980]) is unpreserved, and [*2]we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see e.g. People v Espinal, 161 AD3d 556, 557 [1st Dept 2018], lv denied 32 NY3d 1064 [2018]).
In addition to the ineffectiveness claim that we have already addressed, defendant asserts that the attorneys who represented him at several stages of the proceedings rendered ineffective assistance by failing to make various motions or objections. These claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Although defendant made a postconviction motion to vacate the judgment, which we have treated as a CPL 440.10 motion and included in this appeal, that motion did not include any of the present ineffectiveness claims, and the merits of those claims may not be addressed.
In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. To the extent defendant is independently seeking reversal in the interest of justice based on unpreserved errors, we decline to extend such relief.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK